ROBINSON & COLE LLP
Adam J. Petitt, Esquire (N.J. ID # 020822008)
One Station Place, Suite 800
Stamford, CT 06902
Tel: (203) 462-7564
Fax: (203) 462-7599
Email: apetitt@rc.com

*Attorneys for Defendant Meritain Health, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSITY SPINE CENTER, P.C.,<br>*Plaintiff*,<br>vs.<br>MERITAIN HEALTH, INC.,<br>*Defendant*. | Case No.:<br>FILED ELECTRONICALLY<br>**NOTICE OF REMOVAL** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE THAT** Defendant, Meritain Health, Inc. ("Meritain"), hereby submits this notice of removal of this case from the Superior Court of New Jersey, Law Division, Passaic County, where it is now pending, to the United States District Court for the District of New Jersey. The basis of this removal is diversity jurisdiction under 28 U.S.C. § 1332(a), and that this matter raises a substantial question of federal law such that it is removable under 28 U.S.C. § 1331.

This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b). In support of removal, Meritain states the following:

**TIMELINESS OF REMOVAL AND COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

1. On October 20, 2026, Plaintiff, University Spine Center, P.C. ("Plaintiff") initiated this civil action against Meritain by filing a summons and Complaint in the Superior Court of New Jersey, Law Division, Passaic County, captioned University Spine Center, P.C. v. Meritain Health, Inc., Case No. PAS-L-003628-26 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint, along with all other process, pleadings, and orders that have been served upon Meritain are attached hereto as **Exhibit A**.

2. On October 21, 2026, the summons and Complaint were served on Meritain. A true and correct copy of the service of process notification is attached hereto as **Exhibit B**.

3. This notice is timely because it is being filed within thirty (30) days of the date Meritain received notice that this action became removable on federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1446(b).

4. The venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a), (c), because the United States District Court for the District of New Jersey embraces the Superior Court of New Jersey, Passaic County, where the State Court Action is pending.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, is being filed with the Superior Court of New Jersey, Passaic County, and served upon counsel for Plaintiff. A true and correct copy of the Notice to the State Court of Filing of Notice of Removal is attached as **Exhibit C**.

6. In filing this Notice of Removal, Meritain does not waive, and to the contrary expressly preserves, any and all rights and defenses it may assert by motion or otherwise with respect to the action and Complaint.

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

7. Plaintiff alleges that it is a "medical practice specializing in spine surgery, with its primary office located at 504 Valley Road, Suite 203, Wayne, New Jersey 07470." (Complaint ("Compl."), ¶ 1).

8. Based on a review of public corporate records maintained by the New Jersey Department of the Treasury Division of Revenue & Enterprise Services, Plaintiff is an active professional corporation formed in New Jersey, with its principal business address located at 504 Valley Road, Suite 203, Wayne, New Jersey 07470.

9. Plaintiff is, therefore, a citizen of the state of New Jersey.

10. Defendant Meritain Health, Inc. is, and at the time of the filing of the State Court Action was, incorporated under the laws of the State of New York and had its principal place of business in the State of New York.

11. Plaintiff seeks $186,982.85 for alleged unpaid Independent Dispute Resolution (“IDR”) awards under the No Surprises Act (“NSA”). See Compl., Count I, WHEREFORE clause. Plaintiff also seeks $237,620.60 under its alternative reasonable-value claims. See Compl., Counts VII–VIII, WHEREFORE clauses.

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of New Jersey (Plaintiff) and New York (Meritain Health, Inc.), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Pursuant to 28 U.S.C. § 1441(b)(2), the State Court Action is removable because no defendant properly joined and served is a citizen of New Jersey, the State in which the action was brought.

**GROUNDS FOR REMOVAL—FEDERAL QUESTION JURISDICTION**

14. This case is removable to federal court because Plaintiff’s claims in the Complaint give rise to jurisdiction under 28 U.S.C. § 1331 as the action posits a federal question that is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved

by Congress. As such, the Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331.

15. Federal jurisdiction exists when a federal question is presented on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Even if a complaint only asserts state-law claims, removal jurisdiction may be appropriate if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Federal jurisdiction over a state law claim will exist if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

16. A Complaint need not invoke a federal law in order to "arise under" it for removal purposes. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). Either a federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citing *Franchise Tax Bd.*, 463 U.S. at 27-28). If a court concludes that a plaintiff has "artfully pleaded" claims, it may uphold removal even though no federal question appears on the face of the complaint if the court can "peer through what are

ostensibly wholly state claims to discern the federal question lurking in the verbiage." *See U.S. Express*, 281 F.3d at 389.

17. The foregoing requirements for showing a substantial question of federal law giving rise to federal jurisdiction under Section 1331 are met in this case.

18. First, Plaintiff's state-law claims substantially rely on the federal No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111, and the IDR process established by that statute. Plaintiff alleges that it initiated IDR proceedings under the NSA, assented to the IDR participation terms, and obtained five favorable determinations: DISP-4371533, DISP-4215901, DISP-4216209, DISP-4168673, and DISP-3980473. (Compl. ¶¶ 22–38.) Plaintiff relies on those determinations in support of its express-contract, implied-covenant, third-party-beneficiary, implied-in-fact contract, declaratory-judgment, unjust-enrichment, quantum-meruit, and Prompt Payment Act claims. (Compl. ¶¶ 41–55, 57–68, 82–86, 92–95, 103–110.) Although Plaintiff characterizes its claims as independent state-law claims and disclaims a private right of action under the NSA, it alleges that the IDR determinations establish payment obligations or provide evidence of the amounts due and the reasonable value of the services. (Compl. ¶¶ 13–20, 37, 59, 86, 94.)

19. The NSA establishes a federal IDR process to determine the out-of-network rate for emergency services and non-emergency items and services furnished by non-participating providers. (*See id.*, ¶¶ 32-33).

20. When Plaintiff disputed the initial reimbursement allocated by Meritain, it alleges that it initiated the NSA's IDR process by submitting a Notice of IDR Initiation to the Department of Health and Human Services via the NSA's federal IDR portal. (Compl., ¶¶ 14–16, 22).

21. Plaintiff asserts that the District of New Jersey, in *Modern Orthopaedics of NJ v. Premera Blue Cross*, No. 25-cv-1807 (BRM)(JSA), 2025 WL 3063648 (D.N.J. Nov. 3, 2025), "held that no private right of action exists for medical providers to compel payment of IDR determinations through the Court[,]" but that the "NSA … does not 'preclude a provider from bringing a suit under traditional state-law causes of action.'" (Compl., ¶ 36).

22. However, the NSA expressly bars judicial review of IDR awards except in limited situations which are not applicable here. *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i)(ii); *Freeman Pain Institute P.A. v. Horizon Blue Cross Blue Shield of N.J.*, No. 25-cv-2507 (SRC), 2025 WL 3268289, *6 (D.N.J. Nov. 24, 2025); *Specialtycare, Inc., et al. v. Meritain Health, Inc.,* 2026 WL 353259, *6 (D. Del. Feb. 9, 2026) ("the Fifth Circuit in *Guardian Flight* reasoned that Congress intended the NSA's administrative remedies to be exclusive").

23. Indeed, the "NSA establishes a clear administrative enforcement scheme, specifying the *exclusive* process for resolving out-of-network payment disputes and limiting judicial review to the narrow vacatur provisions set forth in

FAA § 10(a), none of which apply here." *Freeman Pain*, 2025 WL 3268289, at *7 (emphasis in original).

24. Nonetheless, Plaintiff alleges that its claims arise under state law and do not seek to enforce a federal statutory right or assert a private cause of action under the NSA. Defendant contends that the claims nevertheless raise a federal issue because they rely on the NSA's IDR process and determinations. To assess whether that reliance is sufficient to support federal-question jurisdiction necessarily requires interpreting its source: the federal statute and federal regulatory system of which it forms part and parcel. *Cf. Specialtycare, Inc.*, 2026 WL 353259 at *7 ("Plaintiffs may not circumvent Congress's omission of a private right of action in the NSA by seeking to enforce a federal right under a state law theory.").

25. Second, the federal issues presented by this action are substantial and disputed. Plaintiff alleges that the parties assented to terms governing participation in the NSA's IDR process, including a requirement that the prevailing party be paid within 30 days of the determination. (Compl. ¶¶ 22–27.) Plaintiff further alleges that five certified IDR entities issued determinations in its favor and that Meritain failed to pay the resulting amounts. (Compl. ¶¶ 28–38.) Meritain disputes that Plaintiff may enforce those determinations as alleged. The dispute implicates the legal effect of the NSA's IDR framework and the determinations issued under it, notwithstanding Plaintiff's characterization of the determinations as evidence supporting

independent state-law claims rather than as the sole basis for liability. (Compl. ¶¶ 17, 20.) See *Modern Orthopaedics of N.J.*, supra; *Freeman Pain*, 2025 WL 3268289; *Med-Trans Corp. v. Capital Health Plans, Inc.*, 700 F. Supp. 3d 1076, 1079 (M.D. Fla. 2023); *Guardian Flight, LLC v. Aetna Health Inc.*, 711 F. Supp. 3d 662, 666 (S.D. Tex. 2024).

26. Third, the Court can exercise jurisdiction here without disturbing any congressionally approved balance of federal and state judicial responsibilities. Here, as detailed above, the complex regulatory and IDR process under the NSA is at the forefront of this dispute. Such a regulatory scheme requires a degree of national uniformity that only a federal court can provide. Indeed, the District of New Jersey has held that out-of-network providers, like Plaintiff, do not have a right of action to enforce IDR awards outside of the NSA's existing administrative remedies.[1] In the wake of those decisions, Plaintiff and other out-of-network providers have run to

---

[1] *See Prime Neuro Spine Inst. v. Aetna Life Ins. Co.*, No. 25-CV-1053 (EP) (MAH), 2026 WL 45239, at *1 (D.N.J. Jan. 7, 2026); *Neurospine Plus, LLC v. Aetna*, No. 25-CV-3022 (EP) (CF), 2026 WL 50138, at *1 (D.N.J. Jan. 7, 2026); *Mitchell F. Reiter MD PC v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-12526 (WJM), 2025 WL 3514300, at *5 (D.N.J. Dec. 8, 2025); *Interventional Pain Management v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-12032 (SRC), 2025 WL 3470569, at *9 (D.N.J. Dec. 3, 2025); *Tamagnini, Gregory v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-02022 (SRC), 2025 WL 3459708, at *8 (D.N.J. Dec. 2, 2025); *Douglas Spiel, MD, PA, v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-14769 (SRC), 2025 WL 3459719, at *8 (D.N.J. Dec. 2, 2025); *Complete Medical Wellness LLC v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-04177 (SRC), 2025 WL 3443620, at *8 (D.N.J. Dec. 1, 2025); *Garden State Pain Management v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-05679 (SRC), 2025 WL 3443243, at *8 (D.N.J. Dec. 1, 2025); *Northeast Neurosurgical Associates v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-06288 (SRC), 2025 WL 3282210, at *6 (D.N.J. Nov. 25, 2025); *Freeman Pain*, 2025 WL 3268289, at *4–6; *Modern Orthopaedics of NJ*, 2025 WL 3063648, at *5–7.

state courts seeking to sidestep the Court's decisions and obtain inconsistent rulings to countenance their IDR enforcement lawsuits.

27. For the foregoing reasons, the Complaint raises a proper question of federal law that gives rise to jurisdiction under 28 U.S.C. § 1331.

28. If there is a single federal question present in the complaint, then a district court "ha[s] supplemental jurisdiction over all other [related] claims." 28 U.S.C. § 1367. Specifically, under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

29. Thus, this Court has supplemental jurisdiction over any otherwise non-removable at-issue claims and/or causes of action and may determine all issues therein. Likewise, the Court can and should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any such claims. Accordingly, this Court has jurisdiction over this entire action, and removal of the entire action is proper even when removable claims are joined with non-removable ones.

30. Meritain reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

WHEREFORE, Defendant Meritain Health, Inc. submits this notice that the State Court Action is removed from the Superior Court of New Jersey, Law Division, Passaic County, to the United States District Court for the District of New Jersey.

Dated: November 20, 2026

ROBINSON & COLE LLP

*/s/ Adam J. Petitt*
Adam J. Petitt
One Station Place, Suite 800
Stamford, CT 06902
Tel: (203) 462-7564
Email: apetitt@rc.com

*Attorneys for Defendant*
*Meritain Health, Inc.*